Bisbee v. Hall.

---

### BISBEE v. HALL,

Levy—sale and judgment—execution—process—issue out of chancery—new trial—re-hearing.

A levy and sale cannot be sustained without a corresponding judgment.
A judgment in the Supreme Court, though sent to the Court of Common Pleas for execution, remains a judgment of the Supreme Court, and must be described as such.
The Supreme Court cannot correct the errors in the process of another court.
Where the issue has been sent by chancery into a court of law for trial, the court of law will not grant a new trial, but report to the chancery court, who in its discretion, may allow a re-hearing, and send the issue again to the court of law.

ISSUE directed out of chancery, to try whether the plaintiff or the defendant have the right to a lot in the city of Cincinnati. The plaintiff claimed under a lease from A. Moore to Joseph Robinson,

Bisbee *v.* Hall.

dated the 1st January, 1813, for ninety-nine years, for $150 a year rent, payable the 1st January in each year, with the privilege of re-entering in case of non payment, and to hold till the arrearages *and costs should be repaid, and if not paid for a whole year, of [**60** re-entering, and to hold the lease as forfeited. This lease was assigned by Robinson to S. M. Leavenworth.

A deed was given in evidence, from the sheriff of Hamilton, for the lot as sold on an execution upon a judgment of E. Stone, assignee of Boal *v.* Flint, Leavenworth and others, in the Supreme Court. Also a deed from White to the plaintiff, dated the 25th September, 1824, and proof that he left the possession in 1826. He then offered a judgment of Stone *v.* Flint, &c., a *fi. fa.* levy, and sale to one White.

*Hammond,* for the defendant, objected, that the execution was of a judgment in the Common Pleas, and the deed recites a judgment of the Court of Common Pleas, but the record shows a judgment in the Supreme Court. It appeared that the judgment had been rendered in the Supreme Court, and the cause remanded to the Court of Common Pleas for execution.

*Caswell* and *Starr,* contra, cited 1 *Dunl. Pr.* 774; 4 *Wend.* 478; 3 *Am. Dig.* 267 ; 3 *Marsh.* 523; 13 *John.* 97.

*Fox,* in reply.

BY THE COURT. The record certainly is of a judgment in the Supreme Court. The execution on its face is upon a judgment in the Court of Common Pleas. The execution provided by our law goes from the Court of Common Pleas, in cases taken to the Supreme Court, by appeal or by writ of error, though the judgment is in the Supreme Court. This Court cannot correct the errors of the process of another court. The objection is fatal, and the evidence is excluded. Verdict for the defendant.

A new trial is moved for, and submitted.

BY THE COURT. This issue is out of chancery. In such cases the practice is for the court of law to report to the court of chancery the verdict, and for that court on written application to allow or refuse at discretion, a new hearing, and for chancery to send the case into the court of law again, if a rehearing is granted. The motion here, therefore, is overruled.